UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAMERON INDUSTRIES, INC.,

                            Plaintiff,                  Case No. 08 CV 6170 (GBD)

     -against-                               **ANSWER**

MANGO USA, INC. and CONWAY STORES, INC.,

                            Defendants.
------------------------------------------------------------------X

## ANSWER WITH AFFIRMATIVE DEFENSES

    Defendants Mango USA, Inc. and Conway Stores, Inc. (hereinafter "Defendants"), by their attorneys Ballon Stoll Bader & Nadler, P.C., answer the allegations of the Complaint of Plaintiff Cameron Industries, Inc. (hereinafter "Cameron" or "Plaintiff"), as follows:

## JURISDICTION

    1. Defendants admit that this Court has jurisdiction over Plaintiff's copyright claim under 28 U.S.C. § 1338. Defendants further admit that venue is proper in this District. Except as expressly so admitted, Defendants deny the remaining allegations of paragraph 1.

## THE PARTIES

    2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 and on that basis deny them.

    3. Defendants admit that Mango USA, Inc. (hereinafter "Mango") is a domestic

corporation that manufactures, distributes and sells ladies' wearing apparel to retail stores.

4. Defendants admit that Conway Stores, Inc. (hereinafter "Conway") is a domestic corporation that purchases wearing apparel for resale to consumers.

### PLAINTIFF'S COPYRIGHTED WORK

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 and on that basis deny them.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 and on that basis deny them.

7. Defendants aver that the allegations contained in paragraph 7 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and on that basis deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and on that basis deny them.

9. Defendants aver that the allegations contained in paragraph 9 of the Complaint call for

legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and on that basis deny them.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 and on that basis deny them.

11. Defendants admit that the Copyright Office issued a certificate of copyright registration for the work entitled "Pattern No. 1230."

12. Defendants deny each and every allegation of paragraph 12 of the Complaint.

13. As to the first allegation contained in paragraph 13 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of said allegation and on that basis deny it. As to the second allegation contained in paragraph 13 of the Complaint, Defendants deny this allegation.

14. Defendants deny each and every allegation of paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 and on that basis deny them.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 and on that basis deny them.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 and on that basis deny them.

18. Defendants deny each and every allegation of paragraph 18 of the Complaint.

19. Defendants deny each and every allegation of paragraph 19 of the Complaint.

20. Defendants deny each and every allegation of paragraph 20 of the Complaint.

21. Defendants deny each and every allegation of paragraph 21 of the Complaint.

22. Defendants deny each and every allegation of paragraph 22 of the Complaint.

23. Defendants deny each and every allegation of paragraph 23 of the Complaint.

24. Defendants deny each and every allegation of paragraph 24 of the Complaint.

25. Defendants deny each and every allegation of paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's alleged claims for relief, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief fail, in whole or in part, to state facts sufficient to constitute a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

At all times, Defendants acted in complete good faith and with innocent intent, without knowledge that the sale of the accused goods allegedly infringed the rights of the Plaintiff or any other third party.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, by its acts, errors, omissions and course of conduct, is barred and estopped from any recovery in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide Defendants with actual notice of Plaintiff's allegations of infringement of the copyright at issue.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages, it has failed to act in a reasonable manner to mitigate them.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of innocent infringement.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Defendants Mango USA, Inc. and Conway Stores, Inc. having fully answered Plaintiff's Complaint and asserted their affirmative defenses, respectfully request that this Court enter judgment dismissing Plaintiff's Complaint with prejudice and award Defendants their costs and attorneys' fees and such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Mango USA, Inc. and Conway Stores, Inc. demand a trial by jury of all issues so triable.

Dated:   New York, New York
         September 5, 2008

                                            Respectfully submitted

                                            BALLON STOLL BADER & NADLER, P.C.

                                            By: _____
                                                Sunny S. Kim (SSK-9800)
                                                Attorneys for Defendants
                                                729 Seventh Avenue, 17th Floor
                                                New York, New York, 10019
                                                (212) 575-7900